**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 3 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOHAMMED M. RAHMAN, | No. 16-71278 |
| Petitioner, | Agency No. A202-177-472 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2019**
Seattle, Washington

Before: W. FLETCHER, CALLAHAN, and CHRISTEN, Circuit Judges.

Petitioner Mohammed Rahman is a native and citizen of Bangladesh. He

seeks review of a decision by the Board of Immigration Appeals (BIA) dismissing

his appeal of an immigration judge's (IJ) denial of applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.[1]

Petitioner contends that the IJ and BIA erred in finding he was not credible. If the IJ offers specific, cogent reasons for any stated disbelief and if those reasons are supported by substantial evidence, the Court must affirm. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002). The IJ found that Petitioner failed to report the most serious incident of harm until his hearing, despite previous opportunities to do so. *See Zamanov v. Holder*, 649 F.3d 969, 972 (9th Cir. 2011). The IJ also found that Petitioner offered inconsistent testimony regarding this incident. *See Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010). The IJ further found that Petitioner suffered only minor injuries in the first alleged incident and escaped harm altogether in the final incident. The IJ's perspective is reasonable and supported by the record. *See Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010) ("We grant the petition only if the evidence compels a contrary conclusion from that adopted by the BIA."). Although Rahman assuredly suffered past harm in Bangladesh, he has not shown that his experiences "evince actions so severe as to compel a finding of past persecution." *Hoxha v. Aschroft*, 319 F.3d 1179, 1182 (9th Cir. 2003); *see also Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995). Rahman has not met his burden of proving a well-founded fear of future persecution if he

---

[1] The facts are familiar to the parties and are restated here only as necessary to resolve the issues of the petition for review.

returns to Bangladesh. 8 C.F.R. § 1208.13(b)(2)(i). Moreover, the IJ found that Rahman could reasonably relocate within Bangladesh to avoid future persecution and Rahman has not adduced evidence that compels a contrary conclusion. *See Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004). Therefore, we deny the petition as to Rahman's application for asylum.

For similar reasons, Rahman has not met the threshold for withholding of removal. Rahman failed to produce evidence sufficient to compel a finding that he suffered past persecution or that there is "a 'clear probability' that [his] life or freedom would be threatened in the proposed country of removal." *Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004) (quoting *INS v. Stevic*, 467 U.S. 407, 413 (1984)).

We also deny the petition as to Rahman's request for relief under the CAT. The record does not compel the conclusion that Rahman would more likely than not suffer torture in Bangladesh "at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

**PETITION DENIED.**